Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6708 | **DATE** | 9-6-2011 |
| **CASE TITLE** | Joseph Hoban (#R-07818) v. Dr. Carrington, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is requested to issue alias summons to Dr. Carrington, and the Marshal is requested to serve him. When Plaintiff receives the USM-285 forms from the Marshal, he must fill them out and return them to the U.S. Marshal service in a timely fashion. The Clerk is further requested to forward a copy of this order to Cermak Health Services, and Cermak Health Services is directed to either provide last known address information for Dr. Carrington, or to accept service for him. Plaintiff's motions to amend his complaint [32] [34] are denied. Plaintiff's motion to compel [31] is denied. Plaintiff's motion for appointment of counsel [36] is denied. To the extent that Plaintiff's correspondence [38] can be considered a motion, it is denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff has, at present, been unable to execute service on Defendants Dr. Carrington and Stephen Young. With regard to Defendant Young, the summons was returned unexecuted because legal services for the Cook County Jail state that "no such person is known" to them. Doc. 29. With respect to Dr. Carrington, Cook County Jail legal services stated that Dr. Carrington is no longer employed there.

    The court requests that the Clerk issue alias summons to Dr. Carrington, and requests that the Marshal serve him. The court further requests that the Clerk send Cermak Health Services a copy of this order to facilitate execution of service. The court reminds the Cook County Jail and Cermak Health Services that in its 1/14/2011 order, the Court ordered the Cook County Jail to provide last known address information for any defendant no longer employed there.

    Once Dr. Carrington has been served and defense counsel has appeared, Plaintiff can submit discovery requests to counsel calculated to determine the identity and location of Defendant Stephen Young for purposes of service. Once his identity and/or location are determined, alias summons can issue for him. To the extent that Defendant Young has already been identified, Plaintiff will have no statute of limitations issues. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

    Additionally, Plaintiff has submitted a motion to compel Cook County Jail's legal services to provide information necessary to execute service on Defendants. Doc. 31. The motion is denied. The Court has reviewed the service issue in this case, and believes that the relief provided in this order with respect to service issues adequately addresses the issue.

    Further, Plaintiff has submitted two motions seeking leave to amend his complaint. Docs. 32, 34. Both motions are denied without prejudice. If Plaintiff wishes to amend his complaint, he must submit the proposed amended complaint with his motion for leave to file amended complaint. To the extent Plaintiff submits a proposed amended complaint, together with a motion for leave to amend, Plaintiff is cautioned that an amended
**(CONTINUED)**

AWL

pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Plaintiff's motion for appointment of counsel (Doc. 36) is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has demonstrated no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Although Plaintiff pleads serious mental and physical health issues, he also has consistently (in this litigation, and others in this court) demonstrated the intellectual ability and presence of mind to prosecute his claims, both by filing motions and by participating by teleconference in status hearings. As Plaintiff appears more than capable of presenting his case, the court declines to appoint counsel for Plaintiff at this time. *Pruitt v. Mote*, 503 F. F3d 647, 656-659 (7th Cir. 2007). Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this issue on an appropriate motion.

Finally, Plaintiff has submitted correspondence seeking a briefing schedule on his motions for appointment of counsel and to submit evidence. Doc. 38. As the motions referenced have been ruled on in this order, to the extent that Plaintiff's correspondence can be considered a motion, it is denied.